UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LAMONT EDWARD WALLACE,

        Petitioner,

        v.         Case No. 05-C-1187

JODINE DEPPISCH,

        Respondent.

DECISION AND ORDER GRANTING PETITIONER'S MOTION TO STAY
PROCEEDINGS AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES

Petitioner, Lamont E. Wallace, filed a petition for writ of habeas corpus challenging his July 17, 2002, judgment of conviction in Milwaukee County Circuit Court for burglary. In his petition, Wallace argued that he was denied his right to due process and a fair trial when the prosecutor "vouched" for the credibility of the state's main witness in closing arguments. Further he alleged that counsel failed to object to improper remarks during closing arguments and thereby provided ineffective assistance. Soon after the pending petition was filed, Wallace moved to stay the proceeding, or in the alternative to dismiss the petition. Because the court could not ascertain the basis for a stay, Wallace was instructed to file a document stating whether he intended to proceed on the original petition or renew his request for a stay while providing a sufficient factual basis for relief. He has renewed his motion setting forth the factual basis for his claim.

This court may stay a habeas proceeding if the petition "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no

indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Here, Wallace has shown good cause as he has argued that appellate counsel was ineffective in failing to raise a confrontation clause claim on direct appeal.

Wallace's confrontation clause argument arises out of a statement given to police by the neighbor of the victim. The neighbor "gave the police a statement at length about the defendant, the defendant's past, and what he heard the night of February, 2002." The neighbor "implicated the defendant as the person he heard in the hallway during which the crime was taking place." From that statement, the police created a photo array and included the defendant. The victim and the neighbor identified the defendant from the array. At trial, defense counsel moved to exclude any hearsay statements of any witnesses who did not testify as to the identification of the defendant, but the trial judge allowed testimony that detectives "found out about the defendant through the neighbor." Wallace argues that the trial court's ruling permitted the use of a statement by a witness who had identified him but had not testified at trial.

At this stage, the court does not rule on the merits of the claim but decides whether the unexhausted claims are potentially meritorious. Wallace maintains that the state used a witness's statement against him without affording him the opportunity to cross examine the witness, and that the witness implicated and identified him. The United States Supreme Court has held that the Confrontation Clause bars "admission of testimonial statement of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). While it is not clear from the motion or the documents on file

whether and to what extent the statement was heard by the jury, the state court shall be presented with the opportunity to rule on this issue. Because there is nothing in the record to suggest that Wallace is engaging in dilatory litigation tactics,

IT IS ORDERED that Wallace's motion to stay proceedings is granted. This proceeding is stayed while Wallace pursues his confrontation clause claim in state court. Wallace has thirty days from the date of this order to file his claim in state court, and thirty days after the exhaustion of his claim in state court to return here. In the interim, this case shall be closed for administrative purposes.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE